UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Irma Blanco,

    Plaintiff,

vs.

Michael F. Allore,

    Defendant.

Case No.: 2:14-cv-00801-JAD-CWH

**Order Granting Plaintiff's Motion for Partial Summary Judgment on Liability and Directing Parties to Settlement Conference**
**[Doc. 16]**

In this diversity-based negligence action, plaintiff Irma Blanco sues Michael Allore for injuries she claims she sustained as a passenger in a vehicle that Allore rear-ended due to inattention.[1] Allore contends that he and the driver of Blanco's vehicle share the blame for the accident. Blanco now moves for summary judgment on Allore's liability, arguing that Allore admits he is partially responsible, has not brought the driver into this action, the deadline for amendment has passed, and NRS 41.141 bars the empty chair defense in this case.[2] I agree and grant summary judgment on Allore's liability.

## Background

On December 12, 2011, Blanco was a passenger in a passenger in a vehicle operating on a highway in Clark County, Nevada.[3] After Blanco's car came to a sudden, complete stop, Allore, who had been driving directly behind Blanco's vehicle, struck Blanco's vehicle with his own.[4] Allore received a citation for the accident, which he did not contest.[5] Blanco alleges she sustained

---

[1] Doc. 1.

[2] Doc. 16.

[3] Doc. 1 at 6.

[4] *Id.*; Doc. 16-1 at 3, ¶¶ 14-16.

[5] Doc. 16-1 at 3, ¶¶ 17-24.

1

injuries in the accident, and she sues Allore for negligence and negligence per se.[6] In his answer, Allore pleads a comparative negligence defense and contends that plaintiff's injuries "were caused in whole or in party by the negligence of a third party."[7] At his deposition, however, Allore acknowledged he was at least partially at fault for the accident:

> Q. . . . Are you essentially saying then that it's [Blanco's car's] fault, the accident? Is that your opinion?
>
> A. Oh, that's a tricky question. The accident wouldn't have happened if they hadn't come to a complete stop on the highway.
>
> Q. So you do believe that it was their fault then?
>
> A. I would have to say yes.
>
> Q. **Would you agree, though, that the accident also wouldn't have happened if you had enough space between your vehicle and their vehicle to stop?**
>
> A. **Yes. I can't argue that, either.**
>
> Q. **Is it your position or opinion that you are not even one percent responsible for the accident?**
>
> A. **Well, I can't say that.** If I just said -- you asked both of those questions, so I don't know what you want for an answer under that.
>
> Q. I guess I'm just trying to pin down what your belief or opinion is on fault. Because it sounds to me like, and **correct me if I'm wrong, but would you agree that based on what you just told me, that you believe it was a combination of the plaintiff's vehicle's driver and your driving that both of those caused the accident?**
>
> A. **Yes, I guess so.**[8]

Discovery has closed, the deadline to amend pleading or add parties has expired,[9] and Allore and Blanco remain the only two parties to this case. Blanco moves for summary judgment on Allore's defense that someone else bears the responsibility for the accident and Blanco's injuries. Allore contends that there remain triable issues of fact regarding the cause of the accident and that

---

[6] Doc. 1 at 7-8.

[7] Doc. 4 at 3.

[8] Doc. 16-1 at 4, ¶¶ 23-25; 5, ¶¶ 1-23 (emphasis added).

[9] Doc. 13 at 2-3.

summary judgment is premature because discovery had not yet closed. I disagree and grant summary judgment on Allore's liability, leaving the damages issue for trial.

### Discussion

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[10] The burdens on summary judgment are key. A party seeking summary judgment bears the initial burden of informing the court of those portions of the pleadings and discovery that demonstrate the absence of a genuine issue of material fact.[11] "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12] If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[13] A party seeking to either support or refute the assertion that a fact is genuinely in dispute must do so with admissible evidence.[14]

Parties moving for summary judgment must satisfy Rule 56 of the Federal Rules of Civil Procedure. Subsection (c)(1) of that rule states, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

---

[10] Fed. R. Civ. P. 56(a).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[12] *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

[13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[14] Fed. R. Civ. Proc. 56(c)(1); Fed. R. Evid. 901; *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

evidence to support the fact."[15] "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion."[16]

When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."[17] This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[18] The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial."[19]

### A. Allore admits he is at least partially responsible for the accident.

Critical to the success of Blanco's motion is that Allore admitted in his deposition that at least some negligence occurred, and he was partially responsible for it.[20] Allore notes in opposition that he initially testified that the accident was the fault of the occupants of the car Blanco was riding in, but he then qualified his answer by admitting that both Blanco's driver *and* he are at fault for the accident.[21] Although Allore contends that this testimony is equivocal and creates a question of fact

---

[15] Fed. R. Civ. P. 56(c)(1).

[16] *Id.*

[17] *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

[18] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

[19] *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

[20] Blanco submits a single exhibit—an excerpt of Allore's telephonic deposition—to support her motion. Doc. 16-1. In response, Allore submits additional excerpts from his deposition, as well as an excerpt from Blanco's deposition. Blanco's submission "identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true and correct record of the testimony of the deponent," and is admissible. *Orr*, 285 F.3d at 773. Additionally, a party who supplies unauthenticated excerpts from a deposition properly authenticated by another party may rely on them. *See id.* at 775-76, which permits me to admit the Allore deposition excerpts that Blanco supplies to the degree these excerpts were previously authenticated by Blanco. However, the excerpts from Blanco's deposition are wholly unauthenticated and inadmissible and I do not consider them here.

[21] Doc. 16-1 at 5, ¶¶ 4-6, ¶¶ 16-23.

for the jury,[22] I find Allore's testimony complimentary, not contradictory, and that his testimony indicates that he admits he is responsible, at least in some part, for the accident.

And with the posture of this case, Allore's admission matters. The deadline for amending the pleadings has passed, Allore never joined the driver of Blanco's car as a defendant, and thus he can no longer rely on the "empty chair" defense, i.e., that the accident was caused entirely by the negligence of another party.[23] As the Nevada Supreme Court explained in *Humphries v. Eighth Judicial District Court*, "As currently enacted, NRS 41.141(1) . . . abolish[es] contributory negligence and allow[s] a plaintiff to recover damages if is comparative negligence is not greater than that of a defendant (if the plaintiff has sued only one defendant)."[24] The court has further interpreted NRS 41.141 to prohibit "admission of evidence in support of a 'comparative fault' . . . as to nonparites. . . . [However], nothing in NRS 41.141 prohibits a party defendant from attempting to establish that either no negligence occurred or that the entire responsibility for a plaintiff's injuries rests with nonparties."[25]

There is no evidence in the record that Blanco—a mere passenger—was in any way at fault for the accident. Thus, Nevada law now limits Allore's defense theories to either: (1) no negligence occurred, or (2) the entire responsibility for the plaintiff's injuries rests with Blanco's driver. But Allore's admission at his deposition that some negligence occurred—for which he at least shares the fault—prevents him from offering either of these defense theories at trial. Accordingly, Blanco is entitled to summary judgment on Allore's liability for the accident as a matter of law, leaving only damages to be adjudicated at trial.

**B.     Allore did not satisfy Rule 56(d) to earn a delay of summary judgment.**

Allore also attempts to avoid summary judgment by arguing that the discovery period is still open and he should be permitted to depose the driver of Blanco's car and possibly the other

---

[22] Doc. 17 at 6.

[23] Doc. 16 at 5.

[24] *Humphries v. Eighth Jud. Dist. Ct.*, 312 P.3d 484, 488 (Nev. 2013).

[25] *Banks v. Sunrise Hosp.*, 102 P.3d 52, 67 (Nev. 2004).

5

passengers in Blanco's car to determine why the accident occurred and establish that he is not at fault for the accident.[26] Rule 56(d) permits the court to delay the entry of summary judgment so that additional discovery may be performed if the non-movant shows, by "affidavit or declaration that, for specified reasons, it cannot present facts essential to the justify its opposition."[27] Failure to provide the affidavit or declaration required by the rule is a proper ground for denying discovery and proceeding to summary judgment."[28] Allore has not supplied the affidavit or declaration required to delay summary judgment under Rule 56(d). Accordingly, his request to delay summary judgment until after additional discovery is conducted is denied.

### C.  Pretrial obligations

The resolution of this dispositive motion triggers the parties' obligation to file a joint pretrial order in compliance with Local Rules 16-3 and 16-4.[29] The joint pretrial order is due June 22, 2015.

I also direct the parties to participate in good faith in a settlement conference before a magistrate judge.[30] For the sake of judicial efficiency, the parties may not file any motion in limine or any other pretrial motion before participating in good faith in the settlement conference. Any motion in limine or other pretrial motion filed before the parties have completed their good-faith participation in a settlement conference with a magistrate judge will be automatically denied without prejudice.

One further point on motions in limine. If no settlement is reached and the parties find it necessary to thereafter file motions in limine, no party may file a motion in limine without first having a good faith meet-and-confer telephone conference with the other side to attempt to reach a stipulation or other resolution. Any motion in limine filed must be accompanied by a declaration

---

[26] Doc. 17 at 7.

[27] Fed. R. Civ. Proc. 56(d).

[28] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

[29] *See* Doc. 13.

[30] L.R. 16-5.

swearing that the meet-and-confer telephonic conference was held and that the movant participated in good faith, and detailing the date and time of the meet-and-confer conference, what was discussed, and why no stipulation or resolution was reached. Any motion in limine that lacks the declaration directed by this paragraph will be automatically denied. Motions in limine are due 30 days before the trial date (which has not yet been set but will be scheduled once the court receives the joint pretrial order). Late-filed motions may be stricken in the court's discretion.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

- Blanco's Motion for Partial Summary Judgment Regarding Liability **[Doc. 16] is GRANTED**. This case proceeds to trial only on damages;
- The **June 1, 2015, hearing on this motion is VACATED**;
- **The parties have until June 22, 2015, to file their joint pretrial order** in compliance with the Local Rules;
- The parties shall participate in good faith in a settlement conference before a magistrate judge, and **this matter is hereby referred to the magistrate judge to schedule a settlement conference**; and
- Any motion in limine or other pretrial motion filed before good-faith completion of the settlement conference or without the declaration required hereby will be automatically denied.

Dated: May 22, 2015.

Jennifer A. Dorsey
United States District Judge

7